Vassilios **STRANTZALIS** a/k/a Bassilios Strantzalis, Petitioner,

v.

The **IMMIGRATION AND NATURALI- ZATION SERVICE**, Respondent.

No. 71–1681.

United States Court of Appeals, Third Circuit.

Submitted on briefs June 9, 1972 Under Third Circuit Rule 12(6).

Decided Aug. 28, 1972.

Joshua M. Briskin, Charles W. Gross, Philadelphia, Pa., for petitioner.

Carmen C. Nasuti, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

Before HASTIE, GIBBONS and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

█ Petitioner asks us to find that the Board of Immigration Appeals abused its discretion in denying him the privilege of voluntary departure and ordering him deported. The issue is important to him because the right of voluntary departure under 8 U.S.C. § 1254(e) (1970), would permit him to avoid the stigma of deportation. More importantly, it would allow him to select his own destination and would facilitate the possibility of his return to the United States. Tzantarmas v. United States, 402 F.2d 163, 165 n.1 (9th Cir. 1968).

Strantzalis entered the United States in February 1970 on a leave from his ship. He was authorized to stay here for twenty-nine days. 8 U.S.C. § 1282 (1970). Instead of returning to his vessel at the end of the period, he went to live with his sister and brother-in-law, who reside in Upper Darby, Pennsylvania. He worked in a restaurant for several months until he was apprehended by the Immigration and Naturalization Service on February 10, 1971.

The next day, he had a hearing before a Special Inquiry Officer. He declined to have a lawyer present, and proceeded through an interpreter. He conceded deportability, and represented to the officer that he did not have sufficient money to pay his own way back to Greece. He also told the Officer that he had not filed an alien address card (in violation of 8 U.S.C. § 1305) because he did not want to be apprehended by the Immigration Service. He also conceded that he had used another name to avoid detection and that he had attempted to lie to arresting officers about being a lawful resident.

After this hearing, Strantzalis obtained counsel, who moved to reopen the hearing. The request was granted. Counsel represented that petitioner now had money to return to Greece and was of good moral character. Because these two grounds are sufficient to meet the requirements for voluntary departure under 8 U.S.C. § 1254(e),[1] he requested that Strantzalis not be deported but be allowed to leave voluntarily. His request was denied because of appellant's efforts to avoid detection.

██ We must affirm this result because it is within the broad discretion granted the Attorney General (and his delegate) under Section 1254(e).[2] Petitioner contends that the Special Inquiry Officer erred in denying voluntary departure when he met the basic requirements for this privilege. However, meeting the minimum pre-requisites for this relief does not mandate the result

---

1. 8 U.S.C. § 1254(e) reads as follows:

"(e) The Attorney General may, in his discretion, permit any alien under deportation proceedings, other than an alien within the provisions of paragraph (4), (5), (6), (7), (11), (12), (14), (15), (16), (17), or (18) of section 1251(a) of this title (and also any alien within the purview of such paragraphs if he is also within the provisions of paragraph (2) of subsection (a) of this section), to depart voluntarily from the United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure under this subsection."

2. However, the Attorney General's action may not be arbitrary or capricious, U.S. ex rel. Exarchou v. Murff, 265 F.2d 504, 506 (2nd Cir. 1959).

sought. Deportation can still be ordered when deemed appropriate on other grounds. Fernandez-Gonzalez v. Immigration and Naturalization Service, 347 F.2d 737, 739–740 (7th Cir. 1965); cf. United States ex rel. Hintopoulos v. Shaughnessy, 353 U.S. 72, 77, 77 S.Ct. 618, 1 L.Ed.2d 652 (1957).

 In this case, the Special Inquiry Officer concluded that deportation was justified on the basis of the petitioner's statements in which he admitted his deliberate and deceptive efforts to avoid compliance with our immigration laws. Petitioner now contends that those statements should not have been considered at the second hearing because he spoke little English, had to use an interpreter, and did not have the assistance of counsel. However, petitioner declined counsel at the first hearing and proceeded on his own.[3] Neither his understanding of the questions put to him nor his answers to them are disputed. In light of this court's holding in Ah Chiu Pang v. Immigration and Naturalization Service, 368 F.2d 637, 639 (3d Cir. 1966), cert. denied, 386 U.S. 1037, 87 S.Ct. 1490, 18 L.Ed.2d 601 (1967), that an alien is not entitled to the same rights against self-incrimination and right to counsel as a criminal, we find that Strantazalis' admissions were properly taken from him.

 The statements were also properly admissible in the re-opened second hearing. The common law rules of evidence need not be followed in immigration proceedings, Ah Chiu Pang v. I. & N. S., supra; United States ex rel. Impastato v. O'Rourke, 211 F.2d 609, 611 (8th Cir. 1954), and petitioner cannot object to the introduction of the evidence unless it made the proceeding unfair. Because petitioner has failed in asserting a right to counsel when he made his statement, we cannot see how

the introduction of his admissions prejudiced his case. If the admissions were inaccurate or based on misunderstood translations, petitioner could have corrected them. There is no record that he made any effort to do so. While we might decide this case otherwise if it were before us initially, the decision of the Board of Immigration Appeals was within its discretion.

The order denying voluntary departure and ordering deportation will be affirmed.

---

3. 8 U.S.C. § 1362 provides an alien may have counsel at his own expense, but places no obligation on the Government to provide it for indigent aliens. When an alien is informed of his right to retain private counsel and the alien decides to proceed on his own, he has waived any right provided by this section. United States ex rel. Mustafa v. Pederson, 207 F.2d 112 (7th Cir. 1953).