956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pedro RAMIREZ-MORA, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70074.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1992.*
Decided March 9, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A. A person is deportable who "... has been convicted of a violation of ... any law or regulation of a State ... relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)." 8 U.S.C. § 1251(a)(11). Petitioner was arrested and convicted of being under the influence of Phencyclidine (PCP).[1] Because PCP is a controlled substance and being under the influence of PCP is a violation of state law, the immigration judge did not err in finding that petitioner was deportable. INS v. Phinpathya, 464 U.S. 183, 189 (1984).
 
 
 3
 Petitioner's argument that we should interpret the statute so as to treat him no more harshly than someone convicted of the possession of 30 grams of marijuana is meritless. The exception for marijuana is specifically carved out in section 1251(a)(2)(B)(i), and Congress need not provide exceptions for all other crimes that are arguably similar. Cabasug v. INS, 847 F.2d 1321, 1327 (9th Cir.1988).
 
 
 4
 B. Petitioner next argues that his due process rights were violated because he did not have counsel at his hearing. However, petitioner voluntarily waived his statutory right to counsel: Petitioner was informed that he could obtain counsel of his choice and was given a list of free legal services and attorneys.[2] Petitioner was then asked if he wanted time to hire an attorney, to which he responded in the negative. See Ramirez v. INS, 550 F.2d 560, 565 (9th Cir.1977).
 
 
 5
 C. Petitioner argues that his due process rights were violated when the immigration judge gave him misleading information at his deportation hearing. Ramirez, 550 F.2d at 563. At the deportation hearing the judge told petitioner that he had no right to waiver or suspension of deportation. On appeal petitioner claims he might have been granted a waiver under 8 U.S.C. § 1182(c), but it is readily apparent that he does not qualify for section 1182(c) relief.[3] Petitioner points to no other basis on which he could qualify for relief and, therefore, has not demonstrated any error in the immigration judge's comments, much less a violation of due process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Phencyclidine is listed as a controlled substance under 21 U.S.C. § 812, Schedule III(b)(7)
 
 
 [2]
 Under 8 C.F.R. § 242.16 the immigration judge must advise the alien "of his right to representation, at no expense to the Government, by counsel of his own choice...."
 
 
 [3]
 Petitioner did not apply for permanent resident admission until 1989. The Ninth Circuit has adopted the position that lawful domicile does not begin until after an alien's admission as a permanent resident. Castillo-Felix v. INS, 601 F.2d 459, 467 (9th Cir.1979). Because section 1182(c) requires seven years of lawful domicile, petitioner does not qualify under it