990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sylwester TROJANOWSKI, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70543.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 22, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sylwester Trojanowski, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision finding Trojanowski deportable and denying Trojanowski's requests for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition for review.
 
 
 3
 * Administrative Notice
 
 
 4
 Trojanowski contends the BIA erred by deciding his case based on political considerations rather than on an individual basis.[1] He refers to the BIA's taking of administrative notice of political changes that have occurred in Poland since 1989. The BIA noted in particular the change in Poland's government and the new government's open emigration policy.
 
 
 5
 The BIA is entitled to take administrative notice of Solidarity's participation in Poland's new coalition government and of Lech Walesa's election as president. Acewicz v. INS, No. 91-70257, slip op. 969, 977 (9th Cir., Feb. 4, 1993). Nevertheless, due process may require the BIA to provide the petitioner an opportunity to rebut the noticed facts. Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992). Due process does not, however, require the BIA to provide an opportunity to rebut facts that are "legislative, indisputable, and general." Id.
 
 
 6
 Here, Trojanowski had ample opportunity to argue before the IJ and the BIA that his fear of persecution remained well-founded despite the change in government.[2] See Castillo-Villagra, 972 F.2d at 1029. Thus, he was not denied due process. See Acewicz, No. 91-70257, slip op. at 978. Accordingly, the BIA did not abuse its discretion by taking administrative notice of the changed conditions in Poland and of the effect of the changes on Trojanowski's fear of persecution. See id.
 
 II
 Asylum/Withholding of Deportation
 
 7
 Section 208(a) of the Refugee Act of 1980 ("Act"), 8 U.S.C. § 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." A refugee is defined in the Act as an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 8
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted). Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quotations omitted).
 
 
 9
 Trojanowski's request for asylum is based in part on his fear that, as a member of Solidarity, he will be persecuted if he returns to Poland. Nevertheless, substantial evidence supports the BIA's determination that Trojanowski has failed to demonstrate a well-founded fear of persecution based on his membership in Solidarity. See Acewicz, No. 91-70257, slip op. at 974-78. We therefore agree with the BIA that Trojanowski has failed to establish statutory eligibility for asylum on that basis.
 
 
 10
 Because Trojanowski failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of clear probability of persecution necessary for withholding of deportation. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 III
 Return to Poland
 
 11
 Trojanowski contends that the BIA improperly considered his visit to Poland and his possession of a recently issued Polish passport when ruling on his asylum claim. This contention lacks merit.
 
 
 12
 The BIA found that Trojanowski's visit to Poland during the time that the Communists still had control over the government, and his passport to freely leave the country undermined his persecution claim. The BIA then found that Trojanowski's testimony was not credible and that he had failed to establish a believable and coherent account for his persecution claim. We find no impropriety in the BIA's consideration of Trojanowski's visit to Poland. Accordingly, we will not overturn the BIA's decision on this basis.[3]
 
 IV
 Due Process
 A. Role of the IJ
 
 13
 Trojanowski contends that his due process rights were violated because the IJ in effect served both as judge and prosecutor at his deportation hearing. This contention lacks merit.
 
 
 14
 Section 1252(b) specifically provides that the IJ shall "administer oaths, present and receive evidence, interrogate, examine and cross-examine the alien or witnesses ... [and] make determinations, including orders of deportation." 8 U.S.C. § 1252(b); LeTourneur v. INS, 538 F.2d 1368, 1370 (9th Cir.1976), cert. denied, 429 U.S. 1044 (1977) (fifth amendment right to due process is not violated by IJ's multiple roles in deportation proceeding).
 
 
 15
 Upon review of the administrative record, we are satisfied that the IJ's conduct at the deportation hearing was well within his role as defined by section 1252(b) and did not violate Trojanowski's right to due process. See 8 U.S.C. § 1252(b); LeTourneur, 538 F.2d at 1370.
 
 B. Right to Counsel
 
 16
 Trojanowski contends that he was improperly denied his constitutional right to counsel. This contention lacks merit.
 
 
 17
 The right to due process in an immigration hearing entitles aliens "to obtain counsel of their choice at their own expense." Acewicz v. INS, No, 91-70257, slip op. at 980.
 
 
 18
 In order to ensure that an alien understands his right to counsel, an immigration judge must, pursuant to federal regulation, (1) notify an alien at his deportation hearing of his right to representation at no expense to the government; (2) advise him of the availability of free legal services in the district where the deportation is held; and (3) ascertain whether the alien desires representation and has received a list of legal services programs. 8 C.F.R. § 242.16(a). An alien's waiver of his right to counsel at a deportation hearing must be knowing, intelligent, and voluntary. Ramirez v. INS, 550 F.2d 560, 565 (9th Cir.1977). Denial of a right to counsel, if sufficiently prejudicial, may amount to violation of the constitutional right to a full and fair hearing. Castro-O'Ryan v. INS, 847 F.2d 1307, 1313 (9th Cir.1988).
 
 
 19
 Here, the IJ provided Trojanowski with a list of free legal services. He also advised Trojanowski of his right to have counsel present at the hearing, but Trojanowski explicitly stated that he would rather represent himself. Given these circumstances, Trojanowski has failed to demonstrate a due process violation. See Ramirez, 550 F.2d at 565.
 
 C. Evidence Presented
 
 20
 Trojanowski contends that he was denied due process because the IJ mischaracterized evidence presented at the hearing. This contention lacks merit.
 
 
 21
 To prevail on his due process claim Trojanwoski must show that the alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986).
 
 
 22
 Here, Trojanowski has failed to show how the IJ's alleged error affected the outcome of the hearing. Thus, because petitioner has failed to show prejudice, the BIA correctly found that petitioner was not denied due process. See Diaz-Escobar, 782 F.2d at 1494; Garcia-Jaramillo, 604 F.2d at 1239.
 
 
 23
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief, Trojanowski consistently refers to alleged errors committed by the IJ. Our jurisdiction is limited, however, to review of the BIA's decision. See Acewicz, No. 91-70257, slip op. at 974. Nevertheless, to the extent the BIA addressed the arguments raised by Trojanowski we will treat them as though they were directed at the BIA's decision
 
 
 [2]
 In response to the IJ's question regarding the change in Poland's government, Trojanowski testified that he would be persecuted if he returned to Poland because the changes in Poland were not yet well-established. He also testified that during the 1980s he was arrested and questioned on a number of occasions and that his salary at his job had been reduced as a result of his involvement with Solidarity. Trojanowski also testified that since his defection to the United States, his family has been evicted from its government sponsored apartment
 
 
 [3]
 Trojanowski also appears to assert that the BIA deemed his asylum application abandoned because he returned to the country of persecution. See 8 C.F.R. § 208.8 (applicant who leaves the United States shall be presumed to have abandoned his application if he returns to the county of claimed persecution unless he can show compelling reasons for his return). The opinion of the BIA, however, reveals that it considered Trojanowski's visit only in relation to whether his claim of persecution was credible. There is no evidence in the record that the BIA deemed Trojanowski's application to be abandoned because of his return to Poland