40 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lorenzo Anthony HYLTON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70567.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 21, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lorenzo Anthony Hylton, a native and citizen of Jamaica, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") decision finding him deportable and denying his application for a waiver of deportation pursuant to section 212(c) of the Immigration and Nationality Act ("Act"), 8 U.S.C. Sec. 1182(c). Hylton contends that the BIA abused its discretion by (1) denying him a waiver of deportation under section 212(c), and (2) finding no violation of Hylton's right to counsel. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition for review.[1]
 
 
 3
 On December 16, 1992, the Immigration and Naturalization Service ("INS") issued an order to show cause, charging Hylton with being deportable as an alien who had been convicted of (1) a violation of any law relating to a controlled substance, section 241(a)(2)(B)(i) of the Act, 8 U.S.C. Sec. 1251(a)(11); and (2) an aggravated felony, section 241(a)(2)(A)(iii) of the Act, 8 U.S.C. Sec. 1251(a)(4)(B). At a deportation hearing on March 23, 1993, the IJ found no evidence that Hylton was convicted of an aggravated felony under section 241(a)(2)(A)(iii), but found Hylton deportable under section 241(a)(2)(B)(i), because of his two convictions for cocaine possession. The IJ also denied Hylton's request for a section 212(c) waiver of deportation.[2] The BIA affirmed the IJ's decision and additionally found that Hylton was not deprived of his right to counsel.
 
 
 4
 * Discretionary Relief from Deportation
 
 
 5
 A discretionary waiver of deportation pursuant to section 212(c) is granted only where an alien demonstrates statutory eligibility for the relief and where equitable circumstances exist that are sufficient to warrant a waiver of deportability. Yepes-Prado v. INS, 10 F.3d 1363, 1365-66 (9th Cir.1993). Because Hylton meets the statutory requirements, the only issue the BIA considered was whether equity required a waiver.
 
 
 6
 "We review the BIA's balancing of the equities for section 212(c) relief for an abuse of discretion." Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991) (citing Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987)). "We may set aside the BIA's denial of section 212(c) relief 'only if the Board failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Id. (quoting Vargas, 831 F.2d at 908).
 
 
 7
 In deciding whether an alien merits relief under section 212(c), the BIA must take into account the social and humane considerations presented in the alien's favor and balance them against evidence of the alien's undesirability as a permanent resident.[3] Yepes-Prado, 10 F.3d at 1365-66. An applicant seeking 212(c) relief carries the burden of establishing his or her eligibility for discretionary relief. Matter of Marin, 16 I. & N. Dec. 581, 584 (BIA 1978).
 
 
 8
 If the alien was convicted of a drug-related offense and has served less than five years imprisonment, the IJ or the BIA must carefully weigh all pertinent considerations, including the relative seriousness of the petitioner's criminal conduct. Yepes-Prado, 10 F.3d at 1371.
 
 
 9
 Here, the BIA considered adverse factors such as Hylton's history of drug abuse, his two convictions for cocaine possession, the fact that he admitted he continued to use cocaine while on probation and "flushed" it out his system so that his probation officer would not detect it, the fact that his second conviction served as a violation of his probation from his earlier conviction, the absence of his wife and children at the deportation proceedings, the fact that Hylton did not know where his family was living at the time of his deportation hearing, the fact that Hylton did not contribute substantially to the financial support of his wife and two children in the United States, the lack of evidence of rehabilitation, his numerous family members in Jamaica, and Hylton's apparent ability to find employment in Jamaica. The BIA also considered favorable equities such as Hylton's marriage to an American citizen, his two citizen children, his wife's visits to Hylton in prison, the hardship he and his family may suffer because of his deportation, and his seven years of lawful residence in the United States.
 
 
 10
 The BIA concluded that Hylton's criminal record, his lack of strong family ties in the United States, and his apparent ability to readjust easily to life in Jamaica justified the IJ's order of deportation. Because the BIA supported this conclusion with "a reasoned explanation based upon legitimate concerns," see Ayala-Chavez, 944 F.2d at 642, we will not set aside the BIA's denial of section 212(c) relief.[4]
 
 II
 Right to Counsel
 
 11
 Hylton contends that the IJ violated his due process and equal protection rights by dismissing from his case a pro bono attorney assigned to him by another IJ. He appears to contend that he has a right to have pro bono counsel appointed to him by the IJ. These contentions lack merit.
 
 
 12
 The right to counsel under the Sixth Amendment is not applicable to deportation proceedings. Ramirez v. INS, 550 F.2d 560, 563 (9th Cir.1977). However, aliens in deportation proceedings have a statutory right to be represented by counsel of their choice at no expense to the government. 8 U.S.C. Sec. 1362; 8 C.F.R. Sec. 242.16(a); Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). A denial of due process occurs if the failure to accord an alien the right to counsel results in sufficiently great prejudice to the alien. Castro-O'Ryan v. INS, 847 F.2d 1307, 1312-13 (9th Cir.1988).
 
 
 13
 Here, the IJ properly advised Hylton of his right to secure counsel at no expense to the government and informed him of the availability of pro bono legal services. See 8 C.F.R. Sec. 242.16(a). Given these circumstances, the BIA did not abuse its discretion by finding that it was Hylton's responsibility to secure counsel and that Hylton was not denied a full and fair hearing.
 
 
 14
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief, Hylton also contends that his detention deprived him of "constitutional due process rights to be free from arbitrary incarceration under excessive bail." We lack jurisdiction to consider this contention. See 8 U.S.C. Sec. 1252(a); 8 C.F.R. Secs. 3.19(d), 242.2(d) (detention and bond hearings are conducted by an IJ and are separate and apart from deportation proceedings). A separate agency review process exists for the appeal of an IJ's detention and bond determination. See 8 C.F.R. Secs. 3.19(f), 242.2(d)
 
 
 [2]
 In pertinent part, section 1182(c) provides that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of ... subsection (a) of this section." 8 U.S.C. Sec. 1182(c). On its face, section 1182(c) applies only in exclusion proceedings, but this court has held that it applies in the deportation context as well. See Tapia-Acuna v. INS, 640 F.2d 223, 224-25 (9th Cir.1981)
 
 
 [3]
 The BIA has set out factors which it will consider in making its equitable determination. Yepes-Prado, 10 F.3d at 1366. Factors weighing against waiver include: (1) the nature and underlying circumstances of the ground of deportation; (2) the presence of other violations of the nation's immigration laws; (3) the existence of a criminal record; and (4) the presence of other evidence indicative of the applicant's bad character or undesirability as a legal permanent resident of the United States. Factors weighing in favor of waiver include: (1) the presence of family ties within the United States; (2) residence of long duration in this country; (3) hardship to the alien and family if deported; (4) history of employment; (5) property or business ties; (6) community service; and (7) when there is a criminal record, genuine rehabilitation. Id
 
 
 [4]
 On petition for review in this court, Hylton submits additional evidence of favorable equities, including a letter from his wife and a letter from the director of the Prison Outreach Ministry. We decline to consider new evidence presented for the first time to this court. See 8 U.S.C. Sec. 1105a(a)(4). If the new evidence is relevant, then Hylton is free to file a motion to reopen pursuant to 8 C.F.R. Sec. 3.2