51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jacques Basile JOURNET, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70252.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 5, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jacques Basile Journet, a native and citizen of France, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his application for voluntary departure. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition.
 
 
 3
 The BIA's discretionary denial of an application for voluntary departure is reviewed for abuse of discretion.[1] Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). Because the BIA's decision to grant voluntary departure is discretionary, this court "may examine only whether the [BIA] actually exercised its discretion and whether it did so in an arbitrary and capricious manner." Id. at 193. To be statutorily eligible for voluntary departure, a petitioner must show that he has had good moral character for at least five years prior to the application. 8 U.S.C. Sec. 1254(e). In addition to the statutory requirements, a petitioner must also show "equities meriting such treatment." Abedini, 971 F.2d at 192-93.
 
 
 4
 The BIA held that the IJ properly denied Journet's application for voluntary departure. In its order, the BIA determined that Journet (1) failed to express any humanitarian needs since he has no family in the United States; (2) incurred debts while in the United States that he had no means of repaying; (3) borrowed money from associates "until they would have no more to do with him"; (4) failed to show that he had a legitimate business reason to come to the United States; and (5) despite Journet not being charged with any crimes, there were complaints filed with the police alleging various forms of fraud and deception.
 
 
 5
 Journet contends that the IJ erred by not allowing his counsel to review relevant documents for the purpose of prosecuting his petition. This contention lacks merit. Journet failed to raise this argument before the BIA. Issues not raised below will not be considered on appeal. Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 6
 Journet also contends that the BIA erred by not remanding his action so that he could be given the right to counsel before the IJ. This contention lacks merit.
 
 
 7
 The Sixth Amendment right to counsel is not applicable to deportation hearings. Ramirez v. INS, 550 F.2d 560, 563 (9th Cir.1977). Aliens in deportation proceedings, however, have the statutory right to be represented by counsel of their choice at no expense to the government. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). A denial of due process occurs if the failure to accord an alien the right to counsel results in sufficiently great prejudice to the alien. Castro-O'Ryan v. INS, 847 F.2d 1307, 1312-13 (9th Cir.1988).
 
 
 8
 Journet requested and received a change of venue and a thirty-day extension of his deportation proceedings for the purpose of retaining counsel of his choice. After the thirty day period expired, Journet appeared at his deportation hearing without counsel. The IJ appointed pro bono counsel for him.
 
 
 9
 Journet failed to produce any evidence that would lead the BIA to conclude that he was denied effective counsel before the IJ. Further, Journet's claim that counsel was ineffective because he failed to call two witnesses in support of Journet is without merit. Journet failed to show how the witnesses' testimony would have affected the outcome of his hearing. See id. Given the circumstances, the BIA did not abuse its discretion in determining that Journet was not denied effective counsel. See id.
 
 
 10
 Journet further contends that the BIA abused its discretion in determining that the INS did not stipulate to Journet's voluntary departure. This contention lacks merit. Journet failed to produce any evidence of such an agreement and the BIA did not abuse its discretion when it determined that no such agreement existed.
 
 
 11
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Journet contends that this court should review the decision of the Immigration Judge ("IJ"). This contention lacks merit. This is not a case where the BIA merely adopted the decision of the IJ without engaging in its own analysis. See Yepes-Prado v. INS, 10 F.3d 1363, 1367 (9th Cir.1993)