83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark Gary HOUGH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70248.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Gary Hough, a native and citizen of Great Britain, petitions pro se for review of the Board of Immigration Appeals' (the "BIA") decision affirming an immigration judge's ("IJ") denial of Hough's request for waiver of deportation under 8 U.S.C. § 1182(c). Hough, a lawful permanent resident of the United States, contends that the BIA erred by affirming the IJ's decision because: (1) he presented outstanding equities to overcome the effect of his convictions for possession of stolen property; and (2) he was denied representation at his deportation hearing. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review the BIA's balancing of the equities for an abuse of discretion, subjecting its factual conclusions to the substantial evidence standard, Paredes-Urrestarazu v. INS, 36 F.3d 801, 807 (9th Cir.1994), and deny Hough's petition.
 
 
 3
 Hough contends that he presented outstanding equities that warrant a favorable exercise of the BIA's discretion.
 
 
 4
 In order to determine whether to grant relief under 8 U.S.C. § 1182(c), all the facts and circumstances of a particular case must be considered, taking into account "the social and humane considerations presented in an applicant's favor and balancing them against the adverse factors that evidence the applicant's undesirability as a permanent resident." Paredes-Urrestarazu, 36 F.3d at 806. An applicant seeking discretionary relief whose record reflects a pattern of serious criminal activity must make a showing of equities sufficient to overcome the negative effects of his criminal history, and must ordinarily present evidence of rehabilitation. Id. at 806-07; see also Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir.1991). In some cases, adverse factors are so serious that a favorable exercise of the BIA's discretion is not appropriate even in the face of outstanding equities. Paredes-Urrestarazu, 36 F.3d at 807. The BIA must state its reasons for its decision and demonstrate that it considered all appropriate factors. Id.; see also Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993).
 
 
 5
 Here, in addition to his convictions for possession of stolen property, Hough has previously been convicted for burglary, grand larceny, conspiracy to commit burglary, and driving without a license. Based on these prior convictions, Hough must demonstrate equities sufficient to overcome the negative effects of his criminal history. See Paredes-Urrestarazu, 36 F.3d at 806-07. The BIA articulated both the negative and positive factors that the IJ considered in making his determination. Among these considerations was the fact that Hough had previously been granted relief after facing deportation for his prior convictions and had not made a showing of rehabilitation. The BIA affirmed the IJ's determination that while the equities Hough presented were outstanding, they were not sufficient to overcome the adverse effect of both his substantial criminal record and his lack of rehabilitation. See id. at 807. Because the BIA properly considered all appropriate factors, it did not abuse its discretion by denying Hough relief. See id.
 
 
 6
 Hough also contends that he was denied representation at his deportation hearing, and that the IJ should have granted him a continuance to obtain counsel.
 
 
 7
 Although the Sixth Amendment's right to counsel is not applicable to deportation proceedings, Ramirez v. INS, 550 F.2d 560, 563 (9th Cir.1977), an applicant has "the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose," 3 U.S.C. § 1362 (1988). It is well established, however, that an applicant can knowingly, intelligently, and voluntarily waive the privilege to have counsel, and such a waiver "eliminates any basis for complaint." Ramirez, 550 F.2d at 565.
 
 
 8
 Here, the record clearly shows that Hough waived his privilege. When asked by the IJ whether he wished to have an attorney or whether he would speak for himself, Hough answered that he would speak for himself. Because the record lacks any indication that this waiver was not given knowingly, intelligently, and voluntarily, Hough's contention fails. See id.[1]
 
 The petition is
 
 9
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, the record does not reflect that Hough sought a continuance for the purpose of obtaining counsel