Rodolfo GARCIA–JARAMILLO,
Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 78–3347.

United States Court of Appeals,
Ninth Circuit.

Sept. 24, 1979.

Frederick L. Hetter, II (argued), San Diego, Cal., for petitioner.

Margaret J. Perry, Atty., Dept. of Justice, Washington, D. C., for respondent.

Before CHOY and TANG, Circuit Judges and RENFREW,* District Judge.

TANG, Circuit Judge:

Garcia-Jaramillo ("Garcia") seeks review of a BIA decision finding him deportable as an alien excludable at the time of entry, 8 U.S.C. § 1251(a). The BIA affirmed the decision of the immigration judge who found Garcia excludable for (1) wilfully withholding critical information concerning his purported marriage to an American citizen [8 U.S.C. § 1182(a)(19)]; (2) procuring an invalid immediate relative visa by means of a sham marriage [8 U.S.C. § 1182(a)(20)] and (3) entering without a valid labor certificate [8 U.S.C. § 1182(a)(14)]. On appeal Garcia alleges that the evidence was insufficient to prove a sham marriage; that testimony by his former wife contained privileged communications; and that he was denied a fair and impartial hearing.

* Honorable Charles B. Renfrew, United States District Judge for the Northern District of California, sitting by designation.

**1238**

*FACTS*

On March 27, 1973, Garcia, a native and citizen of Mexico, married a native and citizen of the United States. They separated on August 1, 1973, never having resided as man and wife. Garcia was granted an immigrant visa on August 3, 1973 and classified a spouse of a U.S. citizen. The parties were divorced February 26, 1976. On May 17, 1977, after a hearing, an immigration judge ordered Garcia deported on the grounds that his marriage was a sham from its inception and entered into solely for immigration purposes.

*DISCUSSION*

(1) Sufficiency of Evidence of a Sham Marriage

■ Initially, Garcia urges that it is irrelevant whether his marriage was a sham since he and his wife freely entered into a valid, legal marriage in Las Cruces, New Mexico. The argument is frivolous. It is within the authority of the INS to make inquiry into the marriage to the extent necessary to determine if it was entered for the purpose of evading the immigration laws. *Bark v. INS*, 511 F.2d 1200 (9th Cir. 1975). A marriage is a sham "if the bride and groom did not intend to establish a life together *at the time they were married.*" *Id.* at 1201. Conduct and lifestyle before and after marriage is relevant to the extent it aids in determining the intent of the parties at the time they were married. *Id.*

■ In determining the sufficiency of the evidence, judicial review is limited to whether the findings of the immigration judge are supported by "reasonable, substantial and probative evidence." *Whetstone v. INS*, 561 F.2d 1303, 1306 (9th Cir. 1977); 8 U.S.C. § 1105a(a)(4); *see also Woodby v. INS*, 385 U.S. 276, 282, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966).

■ Here, there was substantial evidence that the marriage was a sham. Garcia's former wife testified that Garcia approached her three months before marriage and offered to pay her $200.00 to marry him and help arrange for a resident passport. He told her they would not have to live together and he would later get a divorce. She testified he gave her approximately $150.00 and that she lived with her roommate both before and after her marriage. The testimony of the roommate corroborated her testimony. There is ample evidence to support the findings that Garcia agreed to pay his wife to marry him and to terminate the marriage upon obtaining immigration papers.

■ Garcia disputes his former wife's testimony. However, the immigration judge discredited Garcia's testimony which is conflicting and incredible. The judge's credibility determination rests on reasonable, substantial and probative evidence and this Court will not overturn the evaluation. *Espinoza Ojeda v. INS*, 419 F.2d 183, 186 (9th Cir. 1969).

(2) Privileged Communications

■ Garcia asserts his wife was incompetent to testify against him. In *Volianitis v. INS*, 352 F.2d 766 (9th Cir. 1965), this Circuit ruled that the marital privilege applies in a deportation proceeding. However, once the parties are divorced, the privilege extends and is limited only to confidential communications during marriage.

■ Garcia's counsel never raised the marital privilege at the hearing and therefore waived it. Moreover, the incriminating portions of his wife's testimony were not privileged under *Volianitis*. Her testimony at the hearing was after her divorce. She revealed conversations with Garcia that occurred before they married and she told about their sexual conduct after marriage. Neither conversations before marriage nor testimony concerning the existence or lack of sexual relations between former spouses is privileged after divorce. The immigration judge did admit a written statement made by Garcia's wife prior to their divorce which would have been privileged in its entirety. However, its admission was harmless since the written statement was essentially a summary of her more extensive testimony before the immigration judge after her divorce and which did not involve confidential communications.

**(3) Due Process Arguments**

In a deportation hearing, an alien is entitled to the guaranty of due process which is satisfied only by a full and fair hearing. *Wong Yang Sung v. McGrath*, 339 U.S. 33, 49–51, 70 S.Ct. 445, 94 L.Ed. 616 (1950); *Ramirez v. INS*, 550 F.2d 560, 563 (9th Cir. 1977). Such a hearing is denied only if the thing complained of causes the alien to suffer some prejudice. *Nicholas v. INS*, 590 F.2d 802 (9th Cir. 1979). Garcia raises several issues in his brief which, in sum, question his having had a full and fair hearing.

Garcia urges that he was denied a fair hearing because testimony was received that he was a homosexual before, during and after his marriage. The record does not support Garcia's allegation that he was asked an inordinate number of questions concerning homosexuality. Even if we were to assume the testimony was improper, it was not prejudicial. Aside from such testimony, the immigration judge's finding of a decision to marry solely to evade the immigration laws rests on substantial, probative and reasonable evidence.

Garcia also contends that the failure of the Government to depose two persons, Guibert Lobato and Luis Medrano, was a denial of due process. Lobato was a government investigator who took a written statement from Medrano. The immigration judge afforded no weight to Medrano's statement in making his decision. Garcia could not have been prejudiced by the inability to cross-examine these persons when their testimony was never considered by the immigration judge.

Finally, Garcia's appellate counsel asserts that counsel at the deportation hearings was incompetent since there was failure to protect confidential marital communications and to subpoena Medrano for cross-examination. We have already determined that the former wife's testimony, given after divorce, was not privileged. The written statement before divorce was privileged but its admission was harmless because the evidence was cumulative. The failure to subpoena Medrano was not prejudicial since the immigration judge did not rely on Medrano's written statement.

The order of deportation is affirmed.