892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pawan KUMAR, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 88-7455.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1989.*
Decided Dec. 22, 1989.
 
 Before WALLACE, PREGERSON and NELSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Kumar petitions for review of an order of deportation entered by the immigration judge (IJ) and affirmed by the Board of Immigration Appeals. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). See Jaa v. INS, 779 F.2d 569, 571 (9th Cir.1981). We deny the petition.
 
 
 2
 * Kumar is a native and citizen of India illegally residing in the United States. On May 10, 1986, the Immigration and Naturalization Service issued an order to show cause, notice of hearing, and warrant for arrest of Kumar alleging that he had illegally entered the country. Kumar was deemed deportable pursuant to 8 U.S.C. § 1251(a)(2). At a hearing on July 16, 1986, Kumar admitted to the IJ the truth of the allegations made against him in the order to show cause. At the same hearing, Kumar told the IJ that he wished to apply for political asylum in the United States. The IJ continued the hearing and gave Kumar 30 days to file his application. Kumar failed to file the application until October 6, 1986, well after the 30 day limit. At a hearing on October 31, 1986, the IJ concluded that Kumar's request for asylum had been abandoned.
 
 
 3
 Kumar raises three issues on appeal. We deal with each matter in turn. We review a decision to deny an application for asylum for abuse of discretion. Flores-De Solis v. INS, 796 F.2d 330, 333 (9th Cir.1986). We review the alleged violation of Kumar's statutorily-based rights to counsel and to an interpreter for an abuse of discretion. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988).
 
 II
 
 4
 The Attorney General is authorized to establish procedures regarding the filing of applications for asylum. 8 U.S.C. § 1158. Pursuant to 8 U.S.C. § 1252(b) and 8 C.F.R. § 242.8 (1989), the Attorney General has authorized IJs to conduct deportation proceedings and take appropriate action regarding those proceedings, such as fixing the period of time in which an asylum claim must be filed.
 
 
 5
 Kumar does not dispute that his petition for asylum was not timely, nor does he dispute that it is within the discretion of an IJ to impose reasonable time limits on the filing of such applications. Rather, Kumar contends that "once [the IJ] started the hearing, he is stopped from holding that the petition was not timely filed." Kumar cites no case for this proposition, nor do we know of any. Indeed, the very reason the IJ held the hearing was to determine whether Kumar qualified for asylum. The IJ concluded that Kumar did not qualify because his application was not filed on time and therefore had been abandoned. We see no reason why the IJ should be estopped from making this determination.
 
 
 6
 We conclude that the IJ did not abuse his discretion by determining that Kumar's failure to file a timely petition for asylum rendered that petition abandoned. It is therefore not necessary for us to address the other matters raised concerning Kumar's petition for asylum.
 
 III
 
 7
 Kumar next argues that his right to due process under the fifth amendment was violated by the absence of counsel at the October 31st hearing. The IJ held hearings on October 30 and 31. Since Kumar's application for asylum was not filed in a timely manner, no hearing was required. See INS v. Abudu, 108 S.Ct. 904, 915 (1988). Nevertheless, the IJ chose to hold the hearings for the limited purposes of completing the record and determining whether there was a compelling reason to go forward with the proceedings despite the abandonment of the application. Kumar's attorney was present for the October 30th hearing, agreed to the one-day continuance, but failed to show up on October 31st. Despite the absence of counsel, the IJ decided to permit Kumar, with the aid of an interpreter, to explain why he felt he would be persecuted if he went back to India.
 
 
 8
 Pursuant to 8 U.S.C. §§ 1252(b) and 1362, an individual involved in deportation proceedings may, at his own expense, retain counsel at a deportation proceeding. See 8 C.F.R. § 242.10 (1989). Since deportation proceedings are deemed to be civil, rather than criminal, aliens involved in deportation proceedings do not possess a sixth amendment right to counsel and "any right [they] may have to counsel is grounded in the fifth amendment guarantee of due process." Magallanes-Daiman v. INS, 783 F.2d 931, 933 (9th Cir.1986). Fifth amendment challenges regarding the right to counsel require "a showing of prejudice." Colindres-Aguilar v. INS, 819 F.2d 259, 261 (9th Cir.1987).
 
 
 9
 Kumar has made no showing of how he was prejudiced by the absence of his counsel at the October 31 hearing. Indeed, Kumar agreed to testify at the hearing despite the absence of his attorney. The purpose of the October 31st hearing was to permit Kumar to tell his story with the aid of an interpreter and to ensure that the IJ did not miss anything in Kumar's October 30th testimony. Both of these purposes were apparently fulfilled.
 
 
 10
 Kumar does not point to and the record does not disclose any irregularities or other difficulties he had in relating his story to the IJ. Kumar's case resembles the facts in Martin-Mendoza v. INS, 499 F.2d 918, 922 (9th Cir.1974), cert. denied, 419 U.S. 1113 (1975), in which we held that the absence of counsel at one hearing did not constitute a violation of the petitioner's due process rights. We conclude that the IJ did not abuse his discretion in permitting the October 31st hearing to proceed without Kumar's counsel.
 
 
 11
 Kumar also contends that the IJ abused his discretion by not ordering a continuance sua sponte at the October 31st hearing. In Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985), we stated that "the decision to grant or deny continuances is in the sound discretion of the trial judge and will not be overturned except on a showing of clear abuse." In Rios-Berrios, we held that the IJ had abused his discretion by giving the petitioner only two working days to secure legal representation. Id. at 862-63. We reasoned that under such circumstances, "the immigration judge, sua sponte if necessary, should have continued the hearing so as to permit the petitioner a reasonable time to locate counsel and permit counsel to prepare for the hearing." Id. at 263. No continuance was required here, where Kumar was already represented and where the purpose of the proceeding was simply to permit Kumar to describe his alleged persecution with the aid of an interpreter. We conclude that the IJ did not abuse his discretion by failing to order a continuance sua sponte.
 
 IV
 
 12
 Kumar next contends that his right to due process under the fifth amendment was violated by the fact that no interpreter was present for the October 30th hearing. At the beginning of that hearing, Kumar stated that he spoke English. Kumar's attorney examined him and Kumar responded in passable English. The IJ was prepared to enter his final decision on the basis of this testimony, but, after conferring with Kumar and his counsel, decided to continue the hearing in order to permit Kumar to testify with the assistance of a Punjabi interpreter the next day. The purpose of the October 31 hearing was thus to permit the IJ to communicate better with Kumar and to be sure that he had all of Kumar's thoughts before him. Neither Kumar nor his attorney requested an interpreter. It was the IJ who decided to provide the interpreter out of an excess of caution.
 
 
 13
 Interpreters can be used in an immigration proceeding pursuant to 8 C.F.R. § 242.12 (1989). A fair hearing is deemed to be denied "only if the thing complained of causes the alien to suffer some prejudice." Garcia-Jaramillo v. INS, 604 F.2d 1236, 1239 (9th Cir.1979), cert. denied, 449 U.S. 828 (1980). Kumar has not made such a showing. We will not find a violation of due process where the IJ, as he did here, subsequently examines the petitioner in order to rectify problems that may have resulted from the lack of an interpreter. See Ramirez v. INS, 550 F.2d 560, 565 n. 5 (9th Cir.1977). We therefore conclude that it was not an abuse of discretion for the IJ to proceed without an interpreter during the October 30th hearing.
 
 V
 
 14
 In his brief, Kumar also claims that his deportation should be withheld under 8 U.S.C. § 1253(h) and that his legal representation was "non-effective." Neither of these issues was raised in Kumar's appeal to the Board of Immigration Appeals, and we therefore lack jurisdiction to consider them. Vargas v. United States Department of Immigration and Naturalization, 831 F.2d 906, 907-08 (9th Cir.1987).
 
 
 15
 PETITION DENIED.
 
 
 16
 Note: This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4