990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lech AURIGA, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70759.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 22, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lech Auriga, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of the immigration judge's (IJ) decision denying his applications for asylum and withholding of deportation and finding him deportable as charged. Auriga sought relief from deportation based on his membership and participation in Solidarity and the Independent Student Union. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 * Standard of Review
 
 
 4
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, No. 91-70257, slip op. 969, 974 (9th Cir. Feb. 4, 1993). We review the BIA's factual findings under the substantial evidence standard. Id. We review de novo the BIA's determinations on questions of law. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988).
 
 II
 Due Process
 
 5
 Auriga contends that he was denied due process and entitled to a new hearing because the IJ mischaracterized and misinterpreted evidence presented at the hearing. These contentions lack merit.
 
 
 6
 In a deportation hearing, an alien is entitled to the Fifth Amendment guaranty of due process, which is satisfied only by a "full and fair hearing." Mohsseni Behbahni v. INS, 796 F.2d 249, 250-51 (9th Cir.1986); Garcia-Jaramillo v. INS, 604 F.2d 1236, 1239 (9th Cir.1979). To prevail on a due process claim, however, the alien must show that the alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986).
 
 
 7
 Here, the IJ denied Auriga asylum based on his failure to meet his burden of proof, finding "that the evidence presented has been inconsistent, speculative, and certainly not of a degree of specificity that is required by the pertinent case law." Because Auriga has failed to show how the IJ's alleged error affected the outcome of the hearing, the BIA correctly found that Auriga was not denied due process. See Diaz-Escobar, 782 F.2d at 1494; Garcia-Jaramillo, 604 F.2d at 1239.
 
 
 8
 Auriga also contends that in denying his request for asylum the IJ heavily relied on the fact that Auriga was able to leave Poland with a government issued passport. The fact that Auriga was able to leave Poland with a government issued passport, however, should not be accorded much weight. See Garcia Ramos v INS, 775 F.2d 1370, 1374, N. 7 (9th Cir.1985).
 
 
 9
 Here, there is no indication in the record that the IJ gave undue weight to Auriga's obtaining a government issued passport. Accordingly, Auriga has not shown that he was prejudiced by the IJ's actions. See Diaz-Escobar, 782 F.2d at 1494.
 
 III
 Right To Counsel
 
 10
 Auriga contends that he was prevented from receiving a fair hearing because the government failed to provide him with an attorney at government expense, and he was unable to obtain an attorney he could afford.
 
 
 11
 Due process entitles aliens to be represented by counsel of their choice at their own expense. Acewicz v. INS. No, 91-70257, slip op. 969, 980 (9th Cir. Feb. 4, 1993). Aliens, however, have no right to appointed counsel. Id.
 
 
 12
 In order to ensure that an alien understands his right to counsel, an IJ must, pursuant to federal regulation, (1) notify an alien at his deportation hearing of his right to counsel at his own expense; (2) inform him of the availability of free legal services in the district where the deportation is held; and (3) determine whether the alien wants legal representation and whether he has received a list of legal services programs. 8 C.F.R. § 242.16(a); Acewicz, No. 91-70257, slip op. at 980.
 
 
 13
 An alien's waiver of his right to counsel at a deportation hearing must be knowing, intelligent, and voluntary. Ramirez v. INS, 550 F.2d 560, 565 (9th Cir.1977). Denial of a right to counsel, if sufficiently prejudicial, may amount to violation of the constitutional right to a full and fair hearing. Castro-O'Ryan v. Department of Immigration & Naturalization, 847 F.2d 1307, 1313 (9th Cir.1988).
 
 
 14
 Here, Auriga was advised of his right to counsel by the IJ and he voluntarily waived this right. See Ramirez, 550 F.2d at 565. Moreover, the government was under no obligation to provide counsel for Auriga at government expense. See, Acewicz, No, 91-70257, slip op. at 980-81.
 
 IV
 Political Considerations
 
 15
 Auriga contends that the IJ and the BIA failed to consider the individual merits of his application for asylum and withholding of deportation because of a government policy of denying all Polish applications based on changed political conditions in Poland.[1] This contention lacks merit.
 
 
 16
 As previously noted, in a deportation proceeding, an alien is entitled to due process under the Fifth Amendment. Due process is satisfied by a full and fair hearing. Mohsseni Behbahni, 796 F.2d at 250-51; Garcia-Jaramillo, 604 F.2d at 1239. A full and fair hearing requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. See Sarvia-Quintilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985).
 
 
 17
 Here, Auriga was given a hearing in which he was afforded a full and fair opportunity to present testimony and other evidence in support of his application. See Mohsseni Behbahni, 796 F.2d at 250-51. Both the IJ's and the BIA's decisions reflect that the denial of Auriga's application was based on the individual merits of his claim. See Id. Accordingly, we find no merit in Auriga's contention that his application was not considered on its individual merit. See Garcia-Jaramillo, 604 F.2d at 1239; see also Acewicz, No. 91-70257, slip op. at 978 (court found that evidence of changed circumstances in Poland "was not blindly applied [by the BIA] to automatically deny every asylum application submitted by a Polish alien" and that "[e]ach applicant received a full opportunity to present his case" (quotations omitted)).
 
 V
 Economic Hardship
 
 18
 Auriga contends the BIA erred by finding that he failed to establish his eligibility for asylum based on his claim that he was denied employment opportunities because of his political beliefs. This contention lacks merit.
 
 
 19
 In Kovac v. INS, 407 F.2d 102 (9th Cir.1969), this court held that "a probability of deliberate imposition of substantial economic disadvantage upon an alien for reasons of race, religion, or political opinion is sufficient to confer upon the Attorney General the discretion to withhold deportation." Id. at 107. This standard also applies to determine whether an alien is eligible for asylum. See, e.g., Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988). A claim for asylum based on economic hardship "depends on something more than generalized economic disadvantage at the destination." Raass v. INS, 692 F.2d 596, 596 (9th Cir.1982).
 
 
 20
 Here, we agree with the BIA's finding that Auriga's employment difficulties did not amount to persecution. Auriga contends that he was terminated from his teaching position due to his political views and was forced to take a labor job instead. This evidence does not establish the sort of deliberate imposition of substantial economic harm required to support a claim for asylum. See Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985) (denial of discounts on food and special work permit not sufficient to establish persecution). Accordingly, the BIA did not err by finding Auriga failed to establish a well-founded fear of persecution based on economic hardship. See Raass, 692 F.2d at 596.[2]
 
 
 21
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Auriga also is seeking review of the denial of his asylum application by the INS District Director, we lack jurisdiction to review the discretionary decisions of the INS District Director. See Abedi-Tajrishi v. INS, 752 F.2d 441, 443 (9th Cir.1985)
 Furthermore, our review is limited to the decision of the BIA, not the IJ. See Acewicz v. INS, No. 91-70257, slip op. 969, 974 (9th Cir. Feb. 4, 1993). Nevertheless, we may consider the IJ's decision to determine whether the BIA erred by failing to find that the IJ had not properly considered the individual merits of Auriga's appeal.
 
 
 [2]
 We deny Auriga's request for costs and attorneys' fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504(a)(1) ("EAJA"). See Ardestani v. INS, 112 S.Ct. 515, 520 (1991) (administrative deportation proceedings are not adversary adjudications and are, therefore, "wholly outside the scope of the EAJA")