990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Zdzislaw CZERWIONKA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70326.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 24, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Zdzislaw Czerwionka, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding Czerwionka deportable and denying Czerwionka's application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, No. 91-70257, slip op. 969, 978 (9th Cir. Feb. 4, 1993). We review the BIA's factual determinations, including the determination that an alien has failed to prove a well-founded fear of persecution, under the substantial evidence standard. Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986). We also review the BIA's decision to grant or deny the request for withholding of deportation under the substantial evidence standard. Id. Under the substantial evidence standard, we reverse the BIA "only where the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Acewicz, No. 92-70257, slip op. at 978.
 
 
 4
 * Burden of Proof
 
 
 5
 Czerwionka contends the IJ and BIA erred by improperly assigning him the burden of proof on his asylum claim. Specifically, Czerwionka contends that because he had established past persecution, a presumption existed, pursuant to federal regulations, that he had a well-founded fear of future persecution. Czerwionka contends the INS failed to rebut this presumption. This contention lacks merit.
 
 
 6
 The applicant has the burden of establishing eligibility for asylum. 8 C.F.R. § 208.13(a); Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). Under the federal regulations, in order to raise a presumption of a well-founded fear of persecution, an applicant first must establish past persecution. See 8 C.F.R. § 208.13(b)(1)(i). Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quotations omitted).
 
 
 7
 Here, the BIA found Czerwionka failed to demonstrate that he had suffered past persecution. Czerwionka had testified that he was politically neutral. He based his claim of persecution on an incident in which the secret police attempted to recruit him as an informant and threatened him with a police baton. Although Czerwionka claimed that his wife was denied a passport and that his children were discriminated against at school, he offered no evidence to support his claim that such actions were the result of his political beliefs. Substantial evidence supports the BIA's conclusion that Czerwionka failed to meet his burden of demonstrating past persecution. See Estrada-Posadas, 924 F.2d at 918. Accordingly, the BIA did not improperly impose the burden of proof on Czerwionka. See Acewicz, No. 91-70257, slip op. at 978.
 
 II
 Due Process
 
 8
 The Fifth Amendment guarantees aliens due process in deportation proceedings. Barraza Rivera v. INS, 913 F.2d 1443, 1447 (9th Cir.1990). Due process is satisfied only by a full and fair hearing. Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990). To prevail on a due process claim, however, the alien must show that the alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986); Garcia-Jaramillo v. INS, 604 F.2d 1236, 1239 (9th Cir.1979), cert. denied, 449 U.S. 828 (1980).
 
 A. Evidence
 
 9
 Czerwionka contends he was denied due process because the IJ and the BIA failed to consider certain articles Czerwionka had presented at the hearing. This contention lacks merit.
 
 
 10
 Czerwionka has failed to show how the alleged errors prejudiced him. Because Czerwionka has not shown prejudice, his due process claim fails. See Diaz-Escobar, 782 F.2d at 1494; Garcia-Jaramillo, 604 F.2d at 1239.
 
 B. Cross-Examination
 
 11
 Czerwionka contends he was denied due process because the author of the Bureau of Human Rights and Humanitarian Affairs ("BHRHA") letter submitted during his hearing was unavailable for cross-examination. This contention lacks merit.
 
 
 12
 In deportation proceedings, aliens must be given "a reasonable opportunity ... to cross-examine witnesses presented by the government." 8 U.S.C. § 1252(b)(3). Denial of this statutory right may constitute a violation of the constitutional guarantee of due process if the prejudice to the alien is substantially great. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). An alien's procedural due process challenges to the BHRHA's advisory opinions regarding asylum applications have been rejected where the IJ's ruling on the asylum application indicated that he was not relying on the advisory opinion. See Barraza Rivera, 913 F.2d at 1448.
 
 
 13
 Here, the BIA conducted a de novo review of Czerwionka's deportation hearing. The BIA did not rely on the BHRHA advisory opinion in finding that Czerwionka failed to demonstrate past persecution. Thus, because cross-examination of the letter's author would not have affected the outcome of the proceedings, any error committed by the IJ was harmless and did not amount to a denial of due process. See Barraza Rivera, 913 F.2d at 1448.
 
 C. Evaluation of Czerwionka's Application
 
 14
 Czerwionka contends the BIA erred by deciding his asylum application on political considerations rather than on an individual basis.[1] Czerwionka contends there is a government policy of denying all Polish applications filed after 1989 due to alleged changed political conditions in Poland.[2] This contention lacks merit.
 
 
 15
 A full and fair hearing requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. See Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985).
 
 
 16
 Here, Czerwionka was given a hearing in which he was afforded a full and fair opportunity to present testimony and other evidence in support of his application. See Cuadras, 910 F.2d at 573; Sagermark v. INS, 767 F.2d 645, 650-51 (9th Cir.1985), cert. denied, 476 U.S. 1171 (1986). Both the IJ's and the BIA's decisions reflect that the denial of Czerwionka's application was based on the individual merits of Czerwionka's claim. Accordingly, we find no merit in Czerwionka's contention that his application was not considered on an individual basis.[3] See Cuadras, 910 F.2d at 573; Sagermark, 767 F.2d at 650-51; see also Acewicz, No. 91-70257, slip op. at 978 (court found that evidence of changed circumstances in Poland "was not blindly applied [by the BIA] to automatically deny every asylum application submitted by a Polish alien" and that "[e]ach applicant received a full opportunity to present his case" (quotations omitted)).
 
 D. Reliance on Seventh Circuit Case
 
 17
 Czerwionka contends the BIA improperly relied on Kubon v. INS, 913 F.2d 386 (7th Cir.1990), in denying his request for asylum. This contention lacks merit.
 
 
 18
 In Kubon, the Seventh Circuit held that the BIA properly took administrative notice of changed circumstances in the Polish government. See 913 F.2d at 388. We recently reached the same conclusion, holding that the BIA is entitled to take administrative notice of the "changed conditions in Poland and of the effect of those changes on petitioners' fear of persecution." Acewicz, No. 91-70257, slip op. at 978. Thus, the BIA did not err by relying on Kubon for the proposition that the change in Poland's government may impact whether an applicant has a well-founded fear of persecution. See Acewicz, 91-70257, slip op. at 978.
 
 PETITION FOR REVIEW DENIED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Czerwionka also refers to alleged errors committed by the IJ. Our review is limited to the decision of the BIA. See Acewicz, No. 91-70257, slip op. at 974. Nevertheless, to the extent Czerwionka raised these arguments to the BIA, we may consider whether the BIA erred by failing to find that the IJ had not properly considered the individual merits of Czerwionka's appeal
 
 
 [2]
 To the extent Czerwionka seeks review of the denial of his asylum application by the INS District Director, we lack jurisdiction to review the discretionary decisions of the INS District Director. See Abedi-Tajrishi v. INS, 752 F.2d 441, 443 (9th Cir.1985)
 
 
 [3]
 Czerwionka asks this court to take judicial notice that the INS District Director in Anchorage, Alaska has not granted a Polish citizen's application for asylum since September 1989. We decline to do so. See 8 U.S.C. § 1105a(a)(4); Fed.R.Evid. 201
 
 
 [4]
 We deny Czerwionka's request for costs and attorneys' fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504(a)(1) ("EAJA"). See Ardestani v. INS, 112 S.Ct. 515, 520 (1991) (administrative deportation proceedings are not adversary adjudications and are, therefore, "wholly outside the scope of the EAJA")