990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry FIGIEL, aka Henryk Figiel, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70131.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided March 31, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Figiel, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding Figiel deportable and denying Figiel's requests for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 * Administrative Notice
 
 
 4
 Figiel contends the BIA erred by deciding his case based on political considerations rather than on an individual basis.[1] He refers to the BIA's taking of administrative notice of political changes that have occurred in Poland since 1989.
 
 
 5
 Effective September 10, 1989, the Solidarity organization formally entered into the coalition government that presently is governing Poland. On December 9, 1990, Lech Walesa, former chairman of Solidarity, was elected president of Poland. Walesa was sworn into office on December 22, 1990.
 
 
 6
 The BIA is entitled to take administrative notice of Solidarity's participation in Poland's new coalition government and of Lech Walesa's election as president. Acewicz v. INS, No. 91-70257, slip op. 969, 977 (9th Cir. Feb. 4, 1993). Nevertheless, due process may require the BIA to provide the petitioner an opportunity to rebut the noticed facts. Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992). Due process does not, however, require the BIA to provide an opportunity to rebut facts that are "legislative, indisputable, and general." Id.
 
 
 7
 Here, Figiel had ample opportunity to argue before the IJ and the BIA that his fear of persecution remained well-founded despite the change in government.[2] See id. Thus, he was not denied due process. See Acewicz, No. 91-70257, slip op. at 978. Accordingly, the BIA did not abuse its discretion by taking administrative notice of the changed conditions in Poland and of the effect of the changes on Figiel's fear of persecution.[3] See id.
 
 II
 Asylum/Withholding of Deportation
 
 8
 Section 208(a) of the Refugee Act of 1980 ("Act"), 8 U.S.C. § 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." A refugee is defined in the Act as an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 9
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted). Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988).
 
 
 10
 Figiel's request for asylum is based in part on his fear that, as a member of Solidarity, he will be persecuted if he returns to Poland. Nevertheless, substantial evidence supports the BIA's determination that Figiel has failed to demonstrate a well-founded fear of persecution based on his membership in Solidarity. See Acewicz, No. 91-70257, slip op. at 974-78. We therefore agree with the BIA that Figiel has failed to establish statutory eligibility for asylum on that basis.
 
 
 11
 Figiel also contends that he should be granted asylum based on past persecution by the Communist government. Past persecution alone, independent of a well-founded fear of future persecution, is enough to establish eligibility for asylum. Desir, 840 F.2d at 729 (quotations omitted). "The BIA may [exercise its discretion to] grant asylum for humanitarian reasons, where an applicant or his [or her] family has suffered under atrocious forms of persecution, even where there is little likelihood of future persecution." Acewicz v. INS, No. 91-70257, slip op. at 979 (quotations omitted).
 
 
 12
 Here, our review of the record reveals that Figiel has not suffered atrocities that would justify relief on humanitarian grounds. See Matter of Chen, Int. Dec. 3104 at 4 (BIA1989). Accordingly, the BIA did not abuse its discretion by denying Figiel's relief based on humanitarian grounds.
 
 
 13
 Finally, because Figiel failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of clear probability of persecution necessary for withholding of deportation. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 III
 Due Process
 A. Due Process
 
 14
 Figiel contends that the BIA violated his right to due process by conducting a de novo review of the IJ's findings. This contention lacks merit.
 
 
 15
 "[T]he BIA has the power to conduct a de novo review of the record, to make its own findings, and independently to determine the legal sufficiency of the evidence." Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991). Thus, the BIA's de novo review of the record does not violate a petitioner's due process rights. See id.
 
 B. Evidence
 
 16
 Figiel contends that he was denied due process because the IJ failed to consider evidence presented at the hearing. This contention lacks merit.
 
 
 17
 In a deportation hearing, an alien is entitled to the fifth amendment guaranty of due process, which is satisfied only by a "full and fair hearing." Mohsseni Behbahani v. INS, 796 F.2d 249, 250-51 (9th Cir.1986); Garcia-Jaramillo v. INS, 604 F.2d 1236, 1239 (9th Cir.1979). To prevail on a due process claim, however, the alien must show that the alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986).
 
 
 18
 Here, Figiel has failed to show how the IJ's alleged error affected the outcome of the hearing. Thus, because Figiel has failed to show prejudice, the BIA correctly found that petitioner was not denied due process. See Diaz-Escobar, 782 F.2d at 1494; Garcia-Jaramillo, 604 F.2d at 1239.
 
 
 19
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief, Figiel consistently refers to alleged errors committed by the IJ. Our jurisdiction is limited, however, to review of the BIA's decision. See Acewicz, No. 91-70257, slip op. at 974. Nevertheless, to the extent the BIA addressed the arguments raised by Figiel we will treat them as though they were directed at the BIA's decision
 
 
 [2]
 In response to the IJ's question regarding the change in Poland's government, Figiel testified that he would be persecuted if he returned to Poland because the changes in Poland were not yet well-established. He stated that he believed that his brother had been recently terminated from his job because of Figiel's defection and than his mail was being opened and that his phone lines possibly were tapped
 
 
 [3]
 Moreover, in light on our holding in Acewicz, we reject Figiel's contention that the BIA improperly relied on Kubon v. INS, 913 F.2d 386 (7th Cir.1990)