990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Miroslaw JABKIEWICZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70419.
 United States Court of Appeals, Ninth Circuit.
 Submission March 23, 1993.*
Decided March 31, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miroslaw Jabkiewicz, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals (BIA) decision dismissing his appeal of an immigration judge's (IJ) decision denying his applications for asylum and withholding of deportation and finding him deportable as charged. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 * Standard of Review
 
 
 4
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS. No. 91-70257, slip op. 969, 974 (9th Cir. Feb. 4, 1993). We review the BIA's factual findings under the substantial evidence standard. Id. We review de novo the BIA's determinations on questions of law; Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988).
 
 II
 Past Persecution
 
 5
 Jabkiewicz claims he should be granted asylum for humanitarian reasons. Jabkiewicz testified that he was detained on two occasions due to his political activity, severely beaten during at least one of these detentions, suspended from employment due to his political activities, and that his wife was detained to thwart his attempts to escape to the west. We reject Jabkiewicz's claim.
 
 
 6
 Past persecution alone, independent of a well-founded fear of future persecution, is enough to establish eligibility for asylum. Desir v. Illchert, 840 F.2d at 729. "The BIA may [exercise its discretion to] grant asylum for humanitarian reasons, where an applicant or his [or her] family has suffered under atrocious forms of persecution, even where there is little likelihood of future persecution." Acewicz, No. 91-70257, slip op. at 979 (quotations omitted).
 
 
 7
 Jabkiewicz has not suffered atrocities that would justify relief on humanitarian grounds. See Matter of Chen, Int.Dec. 3104 at 4 (BIA 1989). Accordingly, the BIA did not err by denying Jabkiewicz relief based on humanitarian grounds.
 
 III
 Due Process Claims
 
 8
 Jabkiewicz contends that his due process rights were violated because the IJ, in effect, served both as judge and as prosecutor at his deportation hearing. This contention lacks merit.
 
 
 9
 Section 1252(b) specifically provides that the IJ shall "administer oaths, present and receive evidence, interrogate, examine and cross-examine the alien or witnesses ... [and] make determinations, including orders of deportation." 8 U.S.C. § 1252(b); LeTourneur v. INS, 538 F.2d 1368, 1370 (9th Cir.1976), cert. denied, 429 U.S. 1044 (1977) (fifth amendment right to due process is not violated by IJ's multiple roles in deportation proceeding).
 
 
 10
 Upon review of the administrative record, we are satisfied that the IJ's conduct at the deportation hearing was well within his role as defined by section 1252(b) and did not violate Jabkiewicz's right to due process. See 8 U.S.C. § 1252(b); LeTourneur, 538 F.2d at 1370.
 
 IV
 Right to Counsel
 
 11
 Jabkiewicz contends that he was prevented from receiving a fair hearing because the government failed to provide him with an attorney at government expense, and he was unable to obtain an attorney he could afford. This contention lacks merit.
 
 
 12
 Due process entitles aliens to be represented by counsel of their choice at their own expense. Acewicz, No. 91-70257, slip op. at 980. Aliens, however, have no right to appointed counsel. Id.
 
 
 13
 In order to ensure that an alien understands his right to counsel, an IJ must, pursuant to federal regulation, (1) notify an alien at his deportation hearing of his right to counsel at his own expense; (2) inform him of the availability of free legal services in the district where the deportation is held; and (3) determine whether the alien wants legal representation and whether he has received a list of legal services programs. 8 C.F.R. § 242.16(a); Acewicz, No. 91-70257, slip op. at 980.
 
 
 14
 An alien's waiver of his right to counsel at a deportation hearing must be knowing, intelligent, and voluntary. Ramirez v. INS, 550 F.2d 560, 565 (9th Cir.1977). Denial of a right to counsel, if sufficiently prejudicial, may amount to violation of the constitutional right to a full and fair hearing. Castro-O'Ryan v. INS, 847 F.2d 1307, 1313 (9th Cir.1988).
 
 
 15
 Here, Jabkiewicz was advised of his right to counsel by the IJ, and he voluntarily waived this right. See Ramirez, 550 F.2d at 565. Moreover, the government was under no obligation to provide counsel for Jabkiewicz at government expense. See, Acewicz, No. 91-70257, slip op. at 980-81.
 
 V
 Political Considerations
 
 16
 Jabkiewicz contends that the IJ and the BIA failed to consider the individual merits of his application for asylum and withholding of deportation because of an alleged policy of denying all Polish applications filed after September 11, 1989 due to changed political conditions in Poland. This contention lacks merit.
 
 
 17
 As previously noted, in a deportation proceeding, an alien is entitled to due process which is satisfied by a full and fair hearing. Mohsseni Behbahani v. INS, 796 F.2d 249, 250-51 (9th Cir.1986); Garcia-Jaramillo v. INS, 604 F.2d 1236, 1239 (9th Cir.1979). A full and fair hearing requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. See Sarvia-Quintilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985).
 
 
 18
 Here, Jabkiewicz was given a hearing in which he was afforded a full and fair opportunity to present testimony and other evidence in support of his application. See Mohsseni Behbahani, 796 F.2d at 250-51. Both the IJ's and the BIA's decisions reflect that the denial of Jabkiewicz's application was based on the individual merits of his claim. See Id. Accordingly, we find no merit in Jabkiewicz's contention that his application was not considered on its individual merit. See Garcia-Jaramillo, 604 F.2d 1236, 1239; see also Acewicz, No. 91-70257, slip op. at 978 (court found that evidence of changed circumstances in Poland "was not blindly applied [by the BIA] to automatically deny every asylum application submitted by a Polish alien" and that "[e]ach applicant received a full opportunity to present his case" (quotations omitted).
 
 VI
 Admission of Deportability
 
 19
 The government bears the burden of establishing an alien's deportability by clear and convincing evidence. Woodby v. INS, 385 U.S. 276, 277 (1966); Espinoza-Martinez v. INS, 754 F.2d 1536, 1539 (9th Cir.1985). This court noted in Espinoza-Martinez that "many times ... the alien admits deportability, thereby satisfying the government's burden in this regard." Id. at 1539. In deportation hearings, if an alien admits to deportability, the IJ may make a finding of deportability without conducting any further fact finding. 8 C.F.R. § 242.16(b).
 
 
 20
 Here, Jabkiewicz contends that the IJ coerced him into conceding deportability. The record discloses, however, that the IJ asked Jabkiewicz whether he conceded deportability and he voluntarily conceded his deportability. Accordingly, Jabkiewicz's deportability has been established by clear and convincing evidence. See Espinoza-Martinez, 754 F.2d at 1539.
 
 VII
 Evidence in the Record
 
 21
 Jabkiewicz contends that he was denied due process because the IJ failed to consider evidence presented at the hearing. Specifically, Jabkiewicz contends that the IJ failed to recognize or evaluate the fact that Jabkiewicz belongs to a faction of Solidarity at odds with the current government.
 
 
 22
 To prevail on a due process claim, however, the alien must show that the alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986).
 
 
 23
 Here, Jabkiewicz has failed to show how the IJ's alleged error affected the outcome of the hearing. Thus, because Jabkiewicz has failed to show prejudice, the BIA correctly found that he was not denied due process. See Diaz-Escobar, 782 F.2d at 1494; Garcia-Jaramillo, 604 F.2d at 1239.
 
 VIII
 BHRHA Opinion Letter
 
 24
 In deportation proceedings aliens must be given "a reasonable opportunity ... to cross-examine witnesses presented by the government." 8 U.S.C. § 1252(b)(3). Denial of this statutory right "may constitute an abuse of discretion requiring remand." Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). A denial of these rights may also constitute a violation of the constitutional guarantee of due process, if the prejudice to the alien is substantially great. Id.
 
 
 25
 In order for an alien to be substantially prejudiced, however, the IJ must have violated his statutory or regulatory rights and must have caused the alien prejudice. Barraza Rivera v. INS, 913 F.2d 1443, 1447 (9th Cir.1990). "We find prejudice where an alien's rights are violated 'in a manner so as potentially to affect the outcome of the proceedings.' " Id. (quoting United States v. Cerda-Pena, 799 F.2d 1374, 1379 (9th Cir.1986)). An alien's procedural due process challenges to the BHRHA's advisory opinions regarding asylum applications have been rejected where the IJ's ruling on the asylum application indicated that he was not relying on the advisory opinion. See Barraza Rivera, 913 F.2d at 1448; Pereira-Diaz v. INS, 551 F.2d 1149, 1153-54 (9th Cir.1977).
 
 
 26
 Here, permitting cross examination of State Department officials would not have affected the outcome of the proceedings. Accordingly, any error committed by the IJ in denying cross examination was harmless. See Barraza Rivera, 913 F.2d at 1448.
 
 
 27
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3