**Jose Ramon ZENDEJAS–GONZALEZ, Petitioner,**

v.

**John D. ASHCROFT, U.S. Attorney General, Respondent.**

No. 01–71797.

INS No. A72–329–203.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2002.\*

Decided Dec. 11, 2002.

---

\*\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,** District Judge.

MEMORANDUM ***

Petitioner Jose Ramon Zendejas–Gonzalez appeals the final order of deportation issued by the Board of Immigration Appeals ("BIA"). Because the facts are known to the parties, we do not recite them here. We deny the petition.

## I. Issues Relating to the Immigration Judge's Good Moral Character Determination

Petitioner contends that a series of errors led to the Immigration Judge's ("IJ") conclusion that Petitioner lacked good moral character.[1] However, the BIA declined to adopted this portion of the IJ's decision, instead adopting and supplementing the IJ's determination that Petitioner failed to show that he would suffer extreme hardship. We review the BIA's decision rather than the IJ's, except to the extent that the BIA expressly adopts the IJ's ruling.[2] Therefore, to the extent that

Petitioner seeks our review of the IJ's determination that he lacked good moral character, his claim fails.

## II. Ineffective Assistance of Counsel Claim

Petitioner argues that the BIA inappropriately refused to consider his ineffective assistance of counsel claim based upon a misinterpretation of the procedural requirements of Matter of Lozada.[3] However, even if Petitioner could show that the BIA should have heard his claim,[4] the BIA correctly concluded that Petitioner could not show that his counsel's deficient performance caused prejudice; therefore, any error is harmless.[5] The only error Petitioner asserts that his counsel committed had no effect on the IJ's or the BIA's determination that Petitioner failed to show extreme hardship.

PETITION DENIED.

** The Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Petitioner's case is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). See 8 U.S.C. § 1105a (1994); IIRIRA § 309(c)(4); see also Kalaw v. INS, 133 F.3d 1147, 1150–51 (9th Cir.1997) (describing IIRIRA transitional rules and setting forth the three elements that an alien must show for a suspension of deportation as seven years continuous presence in the United States, good moral character, and that deportation would cause extreme hardship).

2. Salazar–Paucar v. INS, 281 F.3d 1069, 1073 (9th Cir.2002), amended by 290 F.3d 964 (9th Cir.2002).

3. 19 I. & N. Dec. 638(BIA), aff'd, 857 F.2d 10 (1st Cir.1988).

4. See Castillo–Perez v. INS, 212 F.3d 518, 525–26 (9th Cir.2000) (holding that INS generally does not abuse its discretion in dismissing a claim for ineffective assistance of counsel that does not comply with Lozada, but that it must consider the claim when the facts that make up the claim are clear from the administrative record).

5. Cf. United States v. Muro–Inclan, 249 F.3d 1180, 1185–86 (9th Cir.) (concluding that even if alien could show a due process violation, he would also have to show prejudice, and denying relief because he could not make the showing of extreme hardship), cert. denied, —— U.S. ——, 122 S.Ct. 180, 151 L.Ed.2d 125 (2001); Garcia–Jaramillo v. INS, 604 F.2d 1236, 1239 (9th Cir.1979) (rejecting ineffective assistance of counsel claim because alien failed to show prejudice).