

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-2-2004

# Tounkara v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3449

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Tounkara v. Atty Gen USA" (2004). *2004 Decisions.* Paper 153.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/153

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No:  03-3449

SORY TOUNKARA,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES

Respondent

Petition for Review of a Decision of the
Board of Immigration Appeals

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 20, 2004

Before: McKEE, Circuit Judges,
ROSENN and WEIS, Senior Circuit Judges.

(Filed: November 2, 2004)

OPINION

McKEE, Circuit Judge.

Sory Tounkara argues that the Board of Immigration Appeals ("BIA") erred in

affirming a ruling of an Immigration Judge ("IJ") denying his request for a waiver of the

joint filing requirement to remove conditions from his permanent residency.  He claims

that the denial was not supported by substantial evidence.  Specifically, Tounkara argues

that the IJ and BIA erroneously based their decision on evidence of his separation from

his wife three and a half years after their marriage rather than on their intent at the time of their marriage. For the reasons that follow, we will dismiss the petition for review for lack of jurisdiction.

**I.**

Because we write only for the parties, it is not necessary to recite the facts of this case in detail. It is sufficient to note that Mr. Tounkara, who was admitted to the United States on November 29, 1989 and whose status was adjusted to that of a conditional permanent resident on April 22, 1993 based on his marriage to Felicia Shanell Fields approximately nine months earlier, had his Petition to Remove the Conditions on Residence denied by the INS and his conditional residency was terminated. The INS subsequently commenced removal proceedings against Mr. Tounkara by filing a Notice to Appear ("NTA") in immigration court. The NTA charged that Mr. Tounkara was removable pursuant to 8 U.S.C. § 1227(a)(1)(D)(I), as an alien whose conditional permanent resident status had been terminated pursuant to the specific provision of 8 U.S.C. § 1186a. That provision required Mr. Tounkara and his wife to appear for interviews with the INS.

After hearing testimony during Mr. Tounkara's removal hearing, the IJ concluded that Mr. Tounkara was subject to removal as charged and that, in light of Mr. Tounkara's conduct before, during and after his marriage to Ms. Fields, Mr. Tounkara failed to meet his burden of demonstrating that his marriage was bona fide and that he was eligible for a

2

waiver pursuant to 8 U.S.C. § 1186a(c)(4)(B). Mr. Tounkara's conduct, the IJ concluded, suggested that the marriage was entered into "for the purpose of obtaining a benefit under" the Immigration and Naturalization Act ("INA"), not in good faith. The BIA affirmed the IJ's ruling, and this appeal followed.

## II.

There are two ways that the conditions imposed on a conditional permanent resident's status may be removed. The alien and his or her citizen spouse may file a joint petition to remove the condition under § 216(c)(1) of the INA or the alien may file an application for waiver of the requirement to file the joint petition under § 216(c)(14). 8 U.S.C. § 1186a(c)(1), (c)(4). In order to qualify for the waiver under 8 U.S.C. § 1186a(c)(4)(B), the alien must demonstrate that "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated . . . and the alien was not at fault in failing to meet the requirements of paragraph (1)." A central question in establishing the requisite "good faith" is whether the couple intended to establish a life together at the time they were married. *Bark v. INS*, 511 F.2d 1200 (9th Cir. 1975). In making this determination, courts have considered evidence of the parties' conduct before, during and after the marriage. *See Lutwak v. United States*, 344 U.S. 604 (1953); *Garcia-Jaramillo v. INS*, 604 F.2d 1236 (9th Cir. 1979) (considering such evidence under 8 U.S.C. § 1186a(b)(1)(A)(I), which authorizes the Attorney General to terminate the permanent residency status of an alien when "the qualifying marriage . . .

3

was entered into for the purpose of procuring an alien's admission as an immigrant").

## III

While we ordinarily have jurisdiction to review a final removal order under 8 U.S.C. § 1252(a), Congress has provided that:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review –
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B).

"Subchapter" in § 1252(a)(2)(B)(ii), refers to Subchapter II of Chapter 12 of Title 8, U.S. Code, which includes 8 U.S.C. § 1186a. Subsection (c)(4) of § 1186a establishes a series of waivers, pursuant to which,

> The Attorney General, in the Attorney General's discretion, may remove the conditional basis of the permanent resident status for an alien who fails to meet the requirements of paragraph (1) . . . [1]
>
> . . . In acting on applications under this paragraph, the Attorney General shall consider any credible evidence relevant to the application. The determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General.

---

[1] Under paragraph 1, the alien spouse and petitioning spouse must submit a petition requesting the removal of the conditional basis and must appear for a personal interview with an immigration officer. 8 U.S.C. § 1186a(c)(1).

4

8 U.S.C. § 1186a(c)(4). An alien may qualify for one of these waivers if he or she can demonstrate that "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated . . . and the alien was not at fault in failing to meet the requirements of paragraph (1)." 8 U.S.C. § 1186a(c)(4)(B).

The Attorney General's discretion in deciding whether or not to grant Mr. Tounkara's requested good faith waiver is clearly "specified" within the scope of 8 U.S.C. § 1186(c)(4). Thus, pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), we are divested of jurisdiction over Mr. Tounkara's claim absent more than appears on this record. *Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 159-60 (3d Cir. 2004) (holding that 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of discretionary denial of waivers under 8 U.S.C. § 1186a(c)(4).)

Similarly, we are without jurisdiction to reconsider the evidence before the IJ since, pursuant to § 1186a(c)(4), "[t]he determination of what evidence is credible and the weight to be given that [is] within the sole discretion of the Attorney General."

Therefore, for the above reasons, we will dismiss the petition for review for lack of jurisdiction.