990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marek NIBURSKI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70420.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided March 31, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marek Niburski, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding Niburski deportable and denying Niburski's requests for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 * Administrative Notice
 
 
 4
 Niburski contends the BIA erred by deciding his case based on political considerations rather than on an individual basis.[1] He refers to the BIA's taking of administrative notice of political changes that have occurred in Poland since 1989.
 
 
 5
 The BIA is entitled to take administrative notice of Solidarity's participation in Poland's new coalition government and of Lech Walesa's election as president. Acewicz v. INS, No. 91-70257, slip op. 969, 977 (9th Cir. Feb. 4, 1993). Nevertheless, due process may require the BIA to provide the petitioner an opportunity to rebut the noticed facts. Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992). Due process does not, however, require the BIA to provide an opportunity to rebut facts that are "legislative, indisputable, and general." Id.
 
 
 6
 Here, Niburski had ample opportunity to argue before the IJ and the BIA that his fear of persecution remained well-founded despite the change in government.[2] See Castillo-Villagra, 972 F.2d at 1029. Thus, he was not denied due process. See Acewicz, No. 91-70257, slip op. at 978. Accordingly, the BIA did not abuse its discretion by taking administrative notice of the changed conditions in Poland and of the effect of the changes on Niburski's fear of persecution. See id.
 
 II
 Asylum/Withholding of Deportation
 
 7
 Section 208(a) of the Refugee Act of 1980 ("Act"), 8 U.S.C. § 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." A refugee is defined in the Act as an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 8
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted).
 
 
 9
 Niburski's request for asylum is based in part on his fear that, as a member of Solidarity, he will be persecuted if he returns to Poland. Nevertheless, substantial evidence supports the BIA's determination that Niburski has failed to demonstrate a well-founded fear of persecution based on his membership in Solidarity. See Acewicz, No. 91-70257, slip op. at 974-78. We therefore agree with the BIA that Niburski has failed to establish statutory eligibility for asylum on that basis.
 
 
 10
 Finally, because Niburski failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of clear probability of persecution necessary for withholding of deportation. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 II
 Due Process Claims
 A. Evidence in the Record
 
 11
 Niburski contends that he was denied due process because the IJ failed to consider evidence presented at the hearing.
 
 
 12
 In a deportation hearing, an alien is entitled to the fifth amendment guaranty of due process, which is satisfied only by a "full and fair hearing." Mohsseni Behbahani v. INS, 796 F.2d 249, 250-51 (9th Cir.1986); Garcia-Jaramillo v. INS, 604 F.2d 1236, 1239 (9th Cir.1979). To prevail on a due process claim, however, the alien must show that the alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986).
 
 
 13
 Here, petitioner has failed to show how the IJ's alleged error affected the outcome of the hearing. Thus, because petitioner has failed to show prejudice, the BIA correctly found that petitioner was not denied due process. See Diaz-Escobar, 782 F.2d at 1494; Garcia-Jaramillo, 604 F.2d at 1239.
 
 B. Cross-Examination
 
 14
 Niburski contends that he was denied due process because he was not allowed an opportunity to cross-examine the author of a Bureau of Human Rights and Humanitarian Affairs ("BHRHA") opinion letter which was admitted into evidence.
 
 
 15
 In deportation proceedings aliens must be given "a reasonable opportunity ... to cross-examine witnesses presented by the government." 8 U.S.C. § 1252(b)(3). A denial of this right may constitute a violation of the constitutional guarantee of due process, if the prejudice to the alien is sufficiently great. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988).
 
 
 16
 An alien's procedural due process challenges to the BHRHA's advisory opinions regarding asylum applications have been rejected where the immigration judge ruling on the asylum application indicated that he was not relying on the advisory opinion. Barraza Rivera v. INS, 913 F.2d at 1443, 1448 (9th Cir.1990); Pereira-Diaz v. INS, 551 F.2d 1149, 1153-54 (9th Cir.1977).
 
 
 17
 Here, the IJ specifically noted that his decision was not bound by the contents of the BHRHA letter. Accordingly, any error committed by the IJ in denying cross examination was harmless. Barraza Rivera, 913 F.2d at 1448.
 
 C. Role of the IJ
 
 18
 Niburski contends that his due process rights were violated because the IJ, in effect, served both as judge and prosecutor at his deportation hearing. This contention lacks merit.
 
 
 19
 Section 1252(b) specifically provides that the IJ shall "administer oaths, present and receive evidence, interrogate, examine and cross-examine the alien or witnesses ... [and] make determinations, including orders of deportation." 8 U.S.C. § 1252(b); LeTourneur v. INS, 538 F.2d 1368, 1370 (9th Cir.1976), cert. denied, 429 U.S. 1044 (1977) (fifth amendment right to due process is not violated by IJ's multiple roles in deportation proceeding).
 
 
 20
 Upon review of the administrative record, we are satisfied that the IJ's conduct at the deportation hearing was well within his role as defined by section 1252(b) and did not violate Niburski's right to due process. See 8 U.S.C. § 1252(b); LeTourneur, 538 F.2d at 1370.
 
 D. Right to Counsel
 
 21
 Niburski contends that he was improperly denied his constitutional right to counsel. This contention lacks merit.
 
 
 22
 The right to due process in an immigration hearing entitles aliens "to obtain counsel of their choice at their own expense." Acewicz v. INS, No, 91-70257, slip op. at 980.
 
 
 23
 In order to ensure that an alien understands his right to counsel, an immigration judge must, pursuant to federal regulation, (1) notify an alien at his deportation hearing of his right to representation at no expense to the government; (2) advise him of the availability of free legal services in the district where the deportation is held; and (3) ascertain whether the alien desires representation and has received a list of legal services programs. 8 C.F.R. § 242.16(a). An alien's waiver of his right to counsel at a deportation hearing must be knowing, intelligent, and voluntary. Ramirez v. INS, 550 F.2d 560, 565 (9th Cir.1977). Denial of a right to counsel, if sufficiently prejudicial, may amount to violation of the constitutional right to a full and fair hearing. Castro-O'Ryan v. INS, 847 F.2d 1307, 1313 (9th Cir.1988).
 
 
 24
 Here, the IJ provided Niburski with a list of free legal services. He also advised Niburski of his right to have counsel present at the hearing, but Niburski explicitly stated that he would rather represent himself. Given these circumstances, Niburski has failed to demonstrate a due process violation. See Ramirez, 550 F.2d at 565.
 
 E. Inadequate Translation
 
 25
 Niburski contends that he was denied due process at his deportation hearing because the translation services were inadequate and portions of the proceedings on the record were omitted during transcription. This contention lacks merit.
 
 
 26
 To prevail on this claim, Niburski "must show that a better translation would have made a difference in the outcome of the hearing." Acewicz, No. 91-70257, slip op. at 982.
 
 
 27
 Although Niburski cites one specific instance of an allegedly incorrect or incomplete translation, he has not shown that a better translation would have altered the outcome of the proceedings. See id. Accordingly, because Niburski has failed to demonstrate prejudice, the BIA did not err by dismissing this claim. See Diaz-Escobar, 782 F.2d at 1494.[3]
 
 
 28
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief, Niburski refers to alleged errors committed by the IJ. Our jurisdiction is limited, however, to review of the BIA's decision. See Acewicz, No. 91-70257, slip op. at 974. Nevertheless, to the extent the BIA addressed the arguments raised by Niburski we will treat them as though they were directed at the BIA's decision
 
 
 [2]
 In response to the IJ's question regarding the change in Poland's government, Niburski testified that he would be persecuted if he returned to Poland because the changes in Poland were not yet well-established. He testified that during the 1980s he was detained on a number of occasions by polish officials and questioned about his involvement with Solidarity. He claims that he was drafted into the army in 1982 as a result of his Solidarity activities
 
 
 [3]
 We deny Niburski's request for costs and attorney's fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504(a)(I) ("EAJA"). See Ardestani v. INS, 112 S.Ct. 575, 520 (1991) (administrative deportation proceedings are not adversary adjudications and are, therefore, "wholly outside the scope of the EAJA")